Argued July 14, reversed November 9, 1960

IN THE MATTER OF THE ESTATE OF
FRANK MALLO, DECEASED
DETTORE *v.* DAVENPORT ET AL
356 P. 2d 957

*John Ranquet,* Seattle, Washington, argued the cause for appellants. On the briefs were Veatch, Bauman & Lovett, Portland, and Anderson, Davenport, Ranquet & Elston, Seattle, Washington.

*Nicholas Jaureguy,* Portland, argued the cause for respondent. On the brief were Cake, Jaureguy, Hardy, Buttler & McEwen, Portland.

Myles F. Gibbons, David B. Schreiber, Louis Turner and Ernest O. Eisenberg, all of Chicago, filed a brief for Railroad Retirement Board as amicus curiae, urging reversal.

Before McAllister, Chief Justice, and Warner, O'Connell, Goodwin and Millard, Justices.

WARNER, J.

This is a proceeding initiated in the estate of Frank Malo, deceased, upon petition of Leo Dettore, seeking to recover as his own property certain funds received by Malo's administrator from the U. S. Railroad Retirement Board. They represent money accruing under

the Railroad Retirement Act to Malo's estate. From a ruling favorable to the petitioner, James W. Davenport appeals. The appellant appears herein as attorney in fact for four alleged heirs of Malo residing in Italy.

The parties have stipulated the facts.

Frank Malo died intestate in Portland, Oregon, on July 4, 1957. He left no widow, child or parent surviving. His heirs at law appear to be three nephews living in Illinois and four nephews and nieces residing in Italy.

Malo during his lifetime was an employee of the Union Pacific Railroad. As such he was entitled to benefits under the U. S. Railroad Retirement Act of 1937, as amended (hereinafter called the Act).

Under the provisions of the Act there accrued $2,368.41 to the benefit of those entitled thereto as of the date of Malo's death. Thereafter, upon application of Malo's administrator, such administrative proceedings were had by the Retirement Board (hereinafter called the Board), wherein it determined that the foregoing sum was payable to Malo's estate. Remittance of that amount was made to Malo's administrator on May 23, 1958, and is now held by him as an asset of the estate.

The decedent, relying on § 228e (f) (2) of the Act, on August 16, 1938, filed with the Board a document entitled Designation of Beneficiary. In this he nominated James J. Dettore as his first and Leo Dettore as his alternate beneficiary. James predeceased Malo. Therefore, in accordance with the nomination then made, James' rights, if any, passed to Leo.

The Board claimed that the designation made by Malo in 1938 became obsolete by operation of law on January 1, 1947, i.e., by reason of Congressional amendments to the Act made July 31, 1946. Dettore by

his petition seeks to subvert this holding of the Board through the agency of the probate court.

The appeal presents but one question for resolution. It is: does a state court have jurisdiction to decide who should receive Railroad Retirement benefits under the Act after payment of benefits have been made by the Board?

The Railroad Retirement Board is the federal agency administering the Railroad Retirement Act (50 Stat 307, as amended, 45 USC (1952 ed) §§ 228a-228y), and also the Railroad Unemployment Insurance Act. One of the prime functions of the Board, under both of the acts mentioned, is to adjudicate the claims of those entitled to benefits under the acts.

Section 11 (45 USC § 228(k)) of the Retirement Act provides that the decisions of the Board determining the rights or liabilities of any person under the Retirement Act shall be subject to judicial review in the same manner as provided by chapter 11 of the Railroad Unemployment Insurance Act.

The provisions for judicial review in the Insurance Act are sections 5(f) and (g) therein (45 USCA § 355 (f) and (g)). These read, so far as our present interest is concerned, as follows:

"(f) Any claimant * * * or any other party aggrieved by a final decision under subsection (c) of this section, *may, only after all administrative remedies within the Board will have been availed of and exhausted,* obtain a review of any final decision of the Board by filing a petition for review * * * in the United States court of appeals for the circuit in which the claimant or other party resides * * *. Upon such filing the court shall have *exclusive jurisdiction of the proceeding* and of the question determined therein * * *. The findings of the Board as to the fact, if supported by evidence

and in the absence of fraud, shall be conclusive. * * * *The judgment and decree of the court shall be final,* subject to review as in equity cases. * * *

"(g) Findings of fact and conclusions of law of the Board in the determination of any claim for benefits or refund * * * *shall be,* except as provided in subsection (f) of this section, *binding and conclusive for all purposes and upon all persons,* including the Comptroller General and any other administrative or accounting officer, employee, or agent of the United States, *and shall not be subject to review in any manner other than that set forth in subsection (f) of this section."* (Emphasis supplied.)

■ There are no provisions in the Act for decisions of state courts to determine the persons entitled to benefits under it. That portion of the Act (45 USCA § 228e (f) (1, 2)) referring to "the intestacy law of the State where the deceased will have been domiciled" cannot be interpreted as conferring jurisdiction on a state court to determine who in fact are beneficiaries under the Act.

■ It is well established that a person in the position of the petitioner Dettore may not seek a review of a decision by the Board in a judicial proceeding even by recourse to federal courts until he has first exhausted his administrative remedies within that agency. *Mahoney v. Railroad Retirement Board,* 194 F2d 752 (7th Cir 1952); *Shelley v. Railroad Retirement Board,* 185 F2d 239 (9th Cir 1950); *Bruno v. Railroad Retirement Board,* 47 F Sup 3, 4 (DC WD Pa 1942).

Even though Dettore had exhausted his remedies before the Board, the Circuit Court of Oregon would have lacked jurisdiction to grant the relief sought in his petition. This is because the Act itself requires that

judicial review can only be had in a United States Court of Appeals.

■ In the field of federal administrative law, it is fundamental that when the Congress prescribed the manner in which the holdings of a federal administrative agency are to be reviewed, and that manner is intended to be exclusive, the validity of the administrative order cannot be challenged or inquired into by a collateral judicial attack. *City of Tacoma v. Taxpayers,* 357 US 320, 336, 2 L ed 2d 1345, 1354, 78 S Ct 1209 (1958); *Aircraft & Diesel Equip. Corp. v. Hirsch,* 331 US 752, 771, 91 L ed 1796, 67 S Ct 1493 (1947); *Myers v. Bethlehem Shipbuilding Corp.,* 303 US 41, 48, 82 L ed 683, 58 S Ct 459 (1938); *U. S. v. Babcock,* 250 US 328, 63 L ed 1011, 1013, 39 S Ct 464 (1919).

The foregoing principles were recognized and applied by the Louisiana Court of Appeals in two recent related cases, wherein the parties sought to circumvent the Railroad Retirement Board and federal courts in much the same manner as does the petitioner Dettore in the case at bar. The cases to which we refer are *Succession of White,* 94 S2d 68 (La), and *Succession of White,* 96 S2d 355 (La), both decided in 1957. At p 356 of the second White case, the court observes:

"As stated in our previous opinion [94 S2d 68], the federal statute creating the benefits claimed by appellant herein provides that the right to such benefits shall be determined primarily by the National Railroad Retirement Board and further vests exclusive jurisdiction for judicial review of final determinations by said Board, after exhaustion of all administrative remedies, with the United States Court of Appeals for the circuit in which the claimant or other party contesting the order resides. 45 U.S.C.A. 355 (f, g).

"The appellant is relegated to his statutory remedy to secure the statutory right he seeks to

assert herein. This Court is without jurisdiction to entertain this collateral attack upon the adjudication made by the Railroad Retirement Board."

See, also, 81 CJS 92, Social Security and Public Welfare § 50.

In the earlier case of *Corkum v. Clark,* 263 Mass 378, 161 NE 912, the issue was to determine who was entitled to receive a pension under the World War Adjusted Compensation Act (38 USCA § 591 et seq) which, among other things, provided that the decisions of the Secretary of War with respect to army veterans shall be final and conclusive. The Massachusetts court declined to take jurisdiction, saying at p 917:

"We are of opinion that these provisions of the acts of Congress, in the light of the grounds of decision in United States v. Babcock, 250 U. S. 328, 39 S. Ct. 464, 63 L. Ed. 1011, preclude this court from attempting to impose upon the Pension Department of the federal government our views as to who is the 'widow' of Aubrey D. Corkum under the pension laws of the United States. We cannot do this directly. We think it equally plain that we cannot do it by indirection through enjoining the defendant from making a claim or from accepting the gift. * * *"

■ Dettore is not seeking as a legal heir the fund paid to the Malo estate, but relies entirely upon the designation made by Malo and rejected by the Board. He failed to file an application with the Board in order to obtain an adjudication of his claim.

We are satisfied that the above-cited sections of the federal law demonstrate that if Dettore finds himself disappointed, he is obligated to exhaust his remedies within the Board and thereafter turn to the U. S. Court of Appeals if still aggrieved. His petition in the estate

is in essence an endeavor to employ the circuit court of this state as a court of appeal from the decision of the Board. This he cannot do.

Because of the foregoing conclusion, it is unnecessary to consider petitioner's argument contesting the validity of the Board's decision. If not barred by the limitation of time, Dettore may yet have an opportunity to make that presentation in the proper forum provided by the federal acts.

The decree of the circuit court is reversed with direction to dismiss the petition.